# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Albert Lee Johnson,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | CV 08-00231-PHX-PGR (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Albert Lee Johnson, presently incarcerated at the Cook Unit of the Arizona State Prison Complex in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 18) and Petitioner's Reply (Doc. No. 21). The Magistrate Judge recommends that the District Court dismiss the petition on the ground that it is time barred.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2003, Petitioner pled guilty to two counts of attempted sexual conduct with a minor, class 3 felonies and dangerous crimes against children. (Answer, Ex. A.) On March 25, 2003, the trial court imposed a 12-year sentence on the first count of attempted

sexual conduct with a minor, and imposed lifetime probation on the second count of attempted sexual conduct with a minor. (Answer, Ex. B.)

Because Petitioner pled guilty to non-capital offenses, A.R.S. § 13-4033(B) prohibited him from filing a direct appeal. Sometime prior to June 3, 2003, Petitioner commenced his first post-conviction relief proceeding by filing a notice of post-conviction relief ("First Rule 32 Proceeding").[1] (Answer, Ex. H.) Court-appointed counsel filed a notice with the trial court indicating that he/she had reviewed the record but could find no meritorious claims to raise on Petitioner's behalf in a post-conviction petition. (Answer, Ex. E.) On December 1, 2003, the trial court granted Petitioner a 45-day extension of time to file a petition *in proper persona*. (*Id.*) Petitioner failed to file a petition, and the Court dismissed Petitioner's first post-conviction relief proceeding on February 24, 2004. (Answer, Ex. F.) Petitioner did not seek review by the Arizona Court of Appeals.

Petitioner initiated a second post-conviction relief proceeding on March 9, 2007, by filing a notice of post-conviction relief and a petition for post-conviction relief ("Second Rule 32 Proceeding"). (Answer, Ex. C.) In his Second Rule 32 Proceeding, Petitioner argued that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004). (Answer, Ex. G.) On April 25, 2007, the trial court dismissed Petitioner's Second Rule 32 Proceeding, finding that Petitioner's conviction did not come within the ambit of *Blakely* because his conviction became final before *Blakely* was issued. (*Id.*) The trial court later denied Petitioner's motion for rehearing and motion for extension of time to file a petition for review. (Answer, Ex. H.)

On August 10, 2007, the Arizona Court of Appeals documented that it had received and filed a petition for review. (Answer, Ex. I.) The Court of Appeals dismissed the petition

---

[1] Respondents state that the notice was filed on April 16, 2003. However, Respondents did not receive a record on appeal in this case, and rely on the Maricopa County Docket in order to determine the filing date of the notice. (Answer, pg. 2.) The docket does not clearly reflect the date that the notice was filed. The Court deduces that the notice was filed before June 3, 2003, because on June 3, 2003, the trial court issued a minute entry appointing counsel to assist Petitioner in his Rule 32 proceeding. (Answer, Ex. D.)

for review as untimely on August 20, 2007. (Answer, Ex. J.) At Petitioner's request, the Arizona Court of Appeals reinstated the matter to permit Petitioner to file a petition for review by the Arizona Supreme Court. (Answer, Ex. K.) Petitioner's deadline to file his petition for review by the Arizona Supreme Court was November 28, 2007; when Petitioner failed to comply with the deadline, the Arizona Court of Appeals dismissed the matter on December 12, 2007. (Answer, Ex. I.) On January 18, 2008, the Arizona Court of Appeals denied Petitioner's attempt to have his appeal reinstated and to obtain discovery, and advised Petitioner that there was no procedure for the filing of any further pleadings in the matter. (Answer, Ex. L.)

On April 11, 2008, Petitioner filed the instant habeas petition, claiming that he is entitled to habeas relief because the prosecutor and his trial counsel threatened him into accepting a guilty plea with a sentence of 12 years. (Doc. No. 1.)

## **DISCUSSION**

Federal petitions for writ of habeas corpus filed by state prisoners are governed by a one-year statute of limitations period. *See* 28 U.S.C. § 2244(d)(1).

The statute of limitations begins to run from the latest of: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Of these possible starting dates, only the first and second are relevant to the present action. Petitioner does not assert a newly-recognized right and does not claim that his

Petition is predicated on newly-discovered evidence that could not have been discovered earlier through the exercise of due diligence.

**A.  Petitioner failed to file his federal petition within one year of the date the judgment became final.**

A petition for post-conviction relief filed under Rule 32, Ariz. R. Crim. P. is considered a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1) for plea-convicted defendants. *See Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007). Accordingly, Petitioner's conviction became final on March 25, 2004, 30 days after the trial court dismissed his first post-conviction relief proceedings. *See* Rule 32.9(c), Ariz. R. Crim. P. (establishing a 30-day time limit for petitioning Arizona Court of Appeals to review trial court's dismissal of post-conviction relief petition). The AEDPA statute of limitations began to run the next day, March 26, 2004, and expired on March 26, 2005. Petitioner did not file his federal habeas petition until February 4, 2008, almost three years after the statute of limitations had expired.

The statute of limitations is tolled during the time that a properly filed application for state post-conviction relief is pending. *See* 28 U.S.C. § 2244(d)(2). Although Petitioner pursued a second round of post-conviction relief proceedings in state court beginning on March 9, 2007, those proceedings did not toll the federal statute of limitations. By the time Petitioner initiated his Second Rule 32 Proceedings, the federal statute of limitations had long expired. Petitioner could not "re-start" the federal time limit once it had run out. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that section 2244(d) does not permit the re-initiation of the limitations period that has ended before the state petition was filed).

**B.  Lack of access to law library is not grounds for statutory or equitable tolling.**

In his Reply, Petitioner contends that he is entitled to statutory or equitable tolling of the statute of limitations because he is a *pro se* litigant with limited access to a law library because he is housed in a segregated unit. Prison law libraries are one constitutionally accepted method to assure inmates meaningful access to the courts, however, this does not

- 4 -

preclude other methods to achieve this goal. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). In some cases inadequate legal materials can be an "impediment" which justifies untimely filing. *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc ). However, Petitioner only states that he had to rely on inmate legal assistance in order to pursue post-conviction relief and does not explain how that caused his untimely filing. Petitioner has not demonstrated how the alleged inadequacies of the prison legal system impeded his timely filing. Thus, Petitioner is not entitled to statutory tolling on this ground.

Equitable tolling may be available even after the statute of limitations period has expired if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time."[2] *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds*, *Calderon v. United States Dist. Ct.*, 163 F.3d 530 (9th Cir. 1998) (en banc). Equitable tolling is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, and is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999) and *Beeler,* 128 F.3d at 1288). A *pro se* litigant's lack of legal knowledge does not constitute extraordinary circumstances justifying equitable tolling. *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006). Accordingly, the Petition is time-barred.

---

[2] Respondents argue that the Supreme Court's decision in *Bowles v. Russell*, --- U.S. ----, 127 S.Ct. 2360 (2007), established that the AEDPA statute of limitations is jurisdictional and not subject to equitable tolling. The Court disagrees. The Supreme Court has noted that it has never squarely addressed whether equitable tolling applies to the AEDPA's statute of limitations. *Lawrence v. Florida*, 549 U.S. 327 (2007). Accordingly, whether the AEDPA is subject to equitable tolling remains an open question. Moreover, several recent decisions in the District of Arizona have followed the Second Circuit in holding that *Bowles* does not apply to the AEDPA. *See Perea v. Schriro*, No. 07-2028-PHX-ROS, 2008 WL 2039404, *1 (D.Ariz. May 12, 2008); *Hernandez v. Arpaio*, CV-07-1712-PHX-DGC, 2008 WL 370900, * 2 (D.Ariz., Feb.11, 2008) (citing *Diaz v. Kelly*, 515 F.3d 149, 153-54 (2d Cir.2008)). The Court follows these District of Arizona cases in concurring with the Second Circuit's analysis in *Diaz* and holding that *Bowles* does not apply to the AEDPA.

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-08-231-PHX-PGR.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 7th day of October, 2009.

_____
Jennifer C. Guerin
United States Magistrate Judge